UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH MILLER, 110654,

Plaintiff,

v.

DESLAURIEL, Correctional Officer,

Defendant(s).

Case No. 23-cv-06629-SK  (PR)

**ORDER OF SERVICE**

Plaintiff, a prisoner at Madera County Jail (MCJ) in Madera, California, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that on October 27, 2021, while he was at Salinas Valley State Prison (SVSP) in Soledad, California, Correctional Officer Deslauriel used excessive force against him in violation of the Eighth Amendment.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

1  B.  Legal Claims

Plaintiff alleges that on October 27, 2021, the door to his cell at SVSP C Yard "opened without warning." Compl. (ECf No. 1) at 2. Plaintiff "immediately [laid] on the floor" of his cell and "placed [his] hands behind [his] back." Id. at 2-3. "[H]andcuffs and leg restraints" and "a shield" were placed on Plaintiff, while he "offered zero resistance." Id. at 3. But then, Plaintiff alleges that Correctional Officer Delauriel "began beating my head under the shield numerous times with a closed fist." Id. Plaintiff "suffered black eyes, eyes swollen shut, blood gushing from left and right ears, hematoma, discolored black, blue and purple ears, and permanent 80% hearing loss in left ear." Id. Plaintiff claims that this amounted to a violation of the Eighth Amendment's proscription against cruel and unusual punishment. See id. at 2.

Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The latter is a violation of the Eighth Amendment's proscription against cruel and unusual punishment. See id. Liberally construed, Plaintiff's allegations that Deslauriel caused Plaintiff serious injuries by punching Plaintiff numerous times on the head after Plaintiff had been restrained appear to state an arguable claim for use of excessive force under 42 U.S.C. § 1983 against Deslauriel and will be ordered served on Deslauriel.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The following defendant(s) shall be served:

    a. Correctional Officer Deslauriel at SVSP.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying

1    magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service

2    Waiver form and a summons. The clerk shall serve by mail a copy of this order on the plaintiff.

3          No later than 40 days after service of this order via email on CDCR, CDCR shall provide

4    the Court a completed CDCR Report of E-Service Waiver advising the Court which defendant(s)

5    listed in this order will be waiving service of process without the need for service by the United

6    States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be

7    reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the

8    notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge

9    jurisdiction consent or declination to consent form to the California Attorney General's Office,

10   which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s)

11   who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction

12   consent or declination to consent form as to the defendant(s) who waived service.

13         Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each

14   defendant who has not waived service according to the CDCR Report of E-Service Waiver a

15   USM-285 Form. The clerk shall provide to the USMS the completed USM-285 form and copies

16   of this order, summons, operative complaint and notice of assignment of prisoner case to a

17   magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent

18   form for service upon each defendant who has not waived service. The clerk also shall provide to

19   the USMS a copy of the CDCR Report of E-Service Waiver.

20         2.      To expedite the resolution of this case, the Court orders as follows:

21         a.      No later than 90 days from the date of this order, defendants shall serve and

22   file a motion for summary judgment or other dispositive motion. A motion for summary judgment

23   must be supported by adequate factual documentation and must conform in all respects to Federal

24   Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming

25   from the events at issue. A motion for summary judgment also must be accompanied by a Rand

26   notice so that the plaintiff will have fair, timely and adequate notice of what is required of him in

27   order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice

28   requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served

concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date their motion is due. All papers filed with the Court shall be served promptly on Plaintiff.

      b.     Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

      c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

4

prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. <u>Stratton</u>, 697 F.3d at 1008-09.

(The <u>Rand</u> and <u>Wyatt/Stratton</u> notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. <u>Woods</u>, 684 F.3d at 935.)

      d.    Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

      e.    The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the Court so orders at a later date.

3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4.    All communications by Plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule

of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: March 28, 2024

_____
SALLIE KIM
United States Magistrate Judge